NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000524
30-OCT-2018
08:52 AM

NOS. CAAP-15-00000524 AND CAAP-16-0000787


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAAP-15-0000524
STATE OF HAWAI'I, Plaintiff-Appellee, v.
JESSICA L. HINEBAUGH, Defendant-Appellant, and
MICHAEL A. AYALA, Defendant-Appellee

and

CAAP-16-0000787
STATE OF HAWAI'I, Plaintiff-Appellee, v.
JESSICA L. HINEBAUGH, Defendant-Appellee, and
MICHAEL A. AYALA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1529)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth and Chan, JJ.)

This is the consolidated appeal of two co-defendants convicted of attempted murder, kidnapping, robbery, and theft.[1]

In CAAP-15-0000524, Defendant-Appellant, Jessica L. Hinebaugh (Hinebaugh) appeals from the Circuit Court of the First Circuit's (Circuit Court) June 16, 2015 Judgment of Conviction and Sentence.  In CAAP-16-0000787, Defendant-Appellant, Michael A. Ayala (Ayala) appeals from the Circuit Court's October 31, 2016 Judgment of Conviction and Sentence.[2]

---

[1]    The Order of consolidation of CAAP-15-0000524 and CAAP-16-0000787 under CAAP-15-0000524 was entered on February 27, 2018.

[2]    The Honorable Randal K.O. Lee presided.

After a jury trial, the Circuit Court convicted Hinebaugh and Ayala of Count 1 - Attempted Murder in the Second Degree, in violation of Hawaii Revised Statues (HRS) §§ 705-500 (2014), 707-701.5 (2014), and 706-656 (2014); Count 2 - Robbery in the First Degree, in violation of HRS § 708-840 (Supp. 2013) and/or 708-840(1)(b)(i) (Supp. 2013); Count 3 - Kidnapping, in violation of HRS § 707-720(1)(e) (2014); Count 5 - Identity Theft in the Second Degree, in violation of HRS § 708-839.7 (2014); and Count 6 - Theft in the Second Degree, in violation of HRS § 708-831(1)(b) (2014).[3] Hinebaugh was also convicted of Count 4 - Unauthorized Possession of Confidential Personal Information, in violation of HRS § 708-839.55 (2014).

On appeal, Hinebaugh and Ayala[4] contend that the Circuit Court improperly admitted certain physical and testimonial evidence, and Ayala contends that the Circuit Court improperly excluded evidence of Hinebaugh's juvenile conviction and abused its discretion in denying his motion for severance. Hinebaugh contends that the State committed prosecutorial misconduct by improperly commenting on her exercising her right not to testify, improperly shifting a burden of proof to Hinebaugh, and presenting improper character evidence.

After a careful review and consideration of the parties' arguments, the record on appeal, and relevant legal authorities, we resolve Hinebaugh and Ayala's points on appeal as

---

[3]    For both appellants, Count 3 merged with Counts 1 and 2, Count 5 merged with Count 2, and Count 6 merged with Counts 2 and 5.

[4]    We note that Ayala's points of error do not comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4), insofar as he states in his Opening Brief, "[t]he Statement of the Points of Error are attached as an addendum to this brief and is filed separately as an Addendum to this brief." Assuming, arguendo, that such an addendum complies with HRAP Rule 28(b)(4), no addendum has been filed. Thus, Ayala has failed to identify the points of error, provide citations to the record identifying where the alleged error occurred, where the error was objected to, and where the grounds for the objection may be found. Ayala's counsel is again warned that future noncompliance may result in disregard of the noncompliant points and/or sanctions. HRAP Rules 28(b)(4) and 51; Kakalia v. State, 125 Hawaiʻi 475 n.2, 264 P.3d 53 n.2, No. 29519, 2011 WL 5530147 at *2 (App. Nov. 14, 2011) (SDO).

As permitted by HRAP Rule 28(b)(4), we will review the claims we are able to ascertain from his Opening Brief for plain error. Cf. State v. Ortiz, 91 Hawaiʻi 181, 197-98, 981 P.2d 1127, 1143-44 (1999) ("Inasmuch as Ortiz's failure to comply with HRPP [sic] Rule 28(b) leaves this court without any basis upon which to judge the merits of his argument regarding the admission of evidence . . . we will not review it.").

follows and affirm Hinebaugh and Ayala's Judgments of Conviction and Sentence.

A.    **AYALA AND HINEBAUGH**

Ayala contends that testimony regarding zip ties should have been excluded because zip ties were not utilized in the commission of the offenses[5], and both Ayala and Hinebaugh contend that admission of the evidence constituted impermissible character evidence under Hawaii Rules of Evidence (HRE) Rule 404(a) and impermissible evidence of other crimes, wrongs, or acts under HRE Rule 404(b)[6]. We disagree.

Mere possession of zip ties in a purse or bedroom does not infer that Hinebaugh "was a person of a violent nature who was regularly in possession of nefarious paraphernalia" because Zip ties can be used for a multitude of purposes, most of which are innocuous and harmless. Be that as it may, Shelby Franks's (Franks), the complaining witness (CW), and Ayala all testified that they had seen zip ties in Hinebaugh's possession in the days leading to the attack, and Ayala brought zip ties out during the attack. It is reasonable to infer that Hinebaugh had planned to

---

[5]    Hinebaugh concedes that testimony regarding zip ties was relevant.

[6]    HRE Rule 404 provides, in relevant parts,

(a)    Character evidence generally. Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

> (1)    Character of accused. Evidence of a pertinent trait of character of an accused offered by an accused, or by the prosecution to rebut the same;

. . . .

(b)    Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

use the zip ties to restrain CW or had obtained the zip ties in preparation for the attack. Consequently, the Circuit Court did not abuse its discretion and therefore did not commit plain error, when it determined that the zip ties were admissible under HRE Rule 404(b) as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident."[7]

B. AYALA

    1. The Circuit Court properly excluded evidence of Hinebaugh's juvenile conviction.

Ayala contends that he should have been allowed to introduce Hinebaugh's juvenile conviction for arson and attempted murder of her father to prove that Hinebaugh had motive to attack CW. However, admission of the juvenile conviction would only show Hinebaugh's motive or plan to injure her father, not make it more or less probable that she had a possible motive or plan to injure CW. Therefore, the conviction was inadmissible under HRE Rules 401[8], 402[9], and 404(b), and the Circuit Court properly excluded evidence of Hinebaugh's juvenile conviction.

---

    [7] Hinebaugh contends that the State failed to provide adequate notice, as required under HRE Rule 404(b), as another basis for exclusion. However, Hinebaugh did not properly preserve the issue for appeal as she failed to object in a timely manner as required under HRE Rule 103(a)(1). This ground is therefore waived. HRE Rule 103(a)(1) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]"); HRS § 641-16 (2016) ("[t]here shall be no reversal for any alleged error in the admission or rejection of evidence . . . unless such alleged error was made the subject of an objection noted at the time it was committed or brought to the attention of the court in another appropriate manner."); State v. Wallis, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996) (holding that a point of error was waived where the appellate challenge to testimony was premised on grounds not raised during trial).

    [8] HRE Rule 401 provides,

        "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

    [9] HRE Rule 402 provides,

        All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

2.    The Circuit Court did not abuse its discretion in denying Ayala's motion for severance.

Ayala contends that the failure to sever his trial from that of Hinebaugh denied him a fair trial.  The joint trial would have denied Ayala a fair trial if one of the following situations were present:

> (1) where the core of each defense is in irreconcilable conflict with the other, (2) where the defendant in question is prevented from introducing evidence that would have been admissible in that defendant's separate trial not involving other defendants, and (3) where evidence damaging to the defendant in question is admitted and it would not have been admissible in that defendant's separate trial not involving other defendants.

State v. Timas, 82 Hawai'i 499, 511, 923 P.2d 916, 928 (App. 1996).  "The defendant has the burden of proving a denial of a fair trial."  Id.  Upon review of a motion to sever, the appellate court "may not conclude that the defendant suffered prejudice from a joint trial unless it first concludes that a defendant was denied a fair trial.  What might have happened had the motion for severance been granted is irrelevant speculation."  Id. at 512, 923 P.2d at 929 (ellipsis and brackets omitted).

Ayala argues that the first two situations apply to this case.[10]  First, although the defendants' defenses differ, they are not irreconcilable.  Unlike Walton, where both the prosecution and Walton's co-defendant asserted that Walton stabbed the victim, State v. Walton, 133 Hawai'i 66, 86, 324 P.3d 876, 897 (2014), this is not such a case.  According to Ayala, Hinebaugh's defense was that "[CW]'s abandonment instilled the hatred of Hinebaugh that led to the assault" while Ayala's defense was that "he did not harbor such ill will or hatred towards [CW.]"  However,  that each had different motivations for their participation did not render their defenses irreconcilable.  As Hinebaugh's counsel succinctly stated, Ayala and Hinebaugh's defenses were not inconsistent, but, rather, inconvenient.

---

[10]    Ayala appears to argue that the third situation also applies, but he does not identify the specific evidence that was admitted and would not have been admitted if there were separate trials.  Consequently, Ayala has waived this argument.  HRAP 28(b)(7).

5

Regarding the limitation of evidence, Ayala rests his argument for severance solely on his inability to introduce evidence of Hinebaugh's juvenile conviction. As discussed, supra, the Circuit Court properly excluded the evidence of the conviction on relevance grounds, and separate trials would not have transformed the evidence from irrelevant to relevant. We hold that Ayala was not denied a fair trial by Circuit Court's denying his motion for severance.

3. The Circuit Court properly instructed the jury on Assault in the First Degree.

Ayala cites this Court's holding in Maddox for the proposition that CW's medical treatment proved that her stab wounds did not rise to the level of severity required for a finding of Assault in the First Degree under HRS §§ 707-700 (2014) and 707-710 (2014); thus, there was no rational basis in the evidence to provide jury instructions on Assault in the First Degree. State v. Maddox, 116 Hawai'i 445, 453, 173 P.3d 592, 600 (App. 2007) (holding that a stab wound to the chest "that penetrates close to vital internal organs and vessels but misses without harming them, so that the injury quickly resolve itself without the need for significant treatment" does not constitute "bodily injury which creates a substantial risk of death" within the meaning of HRS § 707-700). Assuming, arguendo that the jury instructions in this case were in error under Maddox, Ayala's conviction would be a ground for reversal if "it affirmatively appears from the record as a whole that the error was . . . prejudicial." State v. Metcalfe, 129 Hawai'i 206, 222, 297 P.3d 1062, 1078 (2013) (quoting State v. Arceo, 84 Hawai'i 1, 11, 928 P.2d 843, 853 (1996)). Ayala fails to explain, nor does the record suggest, how the giving of the instruction of Assault in the First Degree may have contributed to his conviction of Attempted Murder in the Second Degree. Consequently, the giving of jury instructions on Assault in the First Degree was not prejudicial.[11]

---

[11] Ayala's relies upon Kupau for the proposition that Circuit Court abused its discretion by giving an objected-to jury instruction. State v. Kupau, 76 Hawai'i 387, 879 P.2d 492 (1994), overruled by State v. Haanio, 94

(continued...)

**C. HINEBAUGH**

1. <u>Circuit Court properly instructed the jury on accomplice liability.</u>

Hinebaugh contends that a lack of notice of accomplice liability in the charging document violated Hinebaugh's constitutional right to due process. Hinebaugh concedes that the argument is foreclosed by <u>Apao</u>. <u>State v. Apao</u>, 59 Haw. 625, 586 P.2d 250 (1978). Nevertheless, she urges us to revisit the Hawai'i Supreme Court's decision in Apao because it "must be overturned" in light more recent case law. We must decline as only the Hawai'i Supreme Court may revisit its own precedent.[12]

2. <u>The Circuit Court properly admitted the Declaration by the custodian of bank records to authenticate CW's account records and properly admitted CW's account records.</u>

Hinebaugh contends that the admittance of the Declaration by the custodian of records at USAA Federal Savings Bank (USAA) violated her right to confront and cross-examine the witness against her in violation of article I, section 14 of the Hawai'i Constitution and the Sixth Amendment to the United States Constitution.[13] Hinebaugh further contends that, because the Circuit Court erred in admitting the Declaration, the bank account records were erroneously admitted.

---

[11] (...continued)
Hawai'i 405, 16 P.3d 246 (2001). However, the Hawai'i Supreme Court overruled <u>Kupau</u> when it held that "trial courts *must* instruct juries on all lesser included offenses as specified by HRS § 701-109(5), *despite any objection by the defense*, and even in the absence of a request from the prosecution." <u>Haanio</u>, 94 Hawai'i at 414, 16 P.3d at 255 (2001), <u>overruled on other grounds</u> (emphases added).

[12] Because the charging document was sufficient, the Circuit Court properly instructed the jury on accomplice liability. Despite Hinebaugh's contention that Circuit Court was required to specifically "instruct the jury that it must unanimously agree as to accomplice or principal liability," Circuit Court's instructions were proper because "[a] specific unanimity instruction is not required where a single defendant may be convicted as either the principal or an accomplice." <u>State v. Fukusaku</u>, 85 Hawai'i 462, 489 n.24, 946 P.2d 32, 59 n.24 (1997) (citation and internal quotation marks omitted).

[13] Hinebaugh concedes that she did not object to the Declaration during trial or within a timely manner; consequently, she failed to properly preserve the issue for appeal as required under HRE Rule 103(a)(1) and HRS § 641-16.

We need not reach Hinebaugh's arguments. CW's husband testified at trial to the accuracy and authenticity of the challenged bank account records. He provided sufficient foundation to the transactions contained within the bank account record as being from his and CW's USAA bank account when he recognized and identified them as being theirs and a "fair and accurate copy of [their] bank statements." Proper foundation was therefore laid through in-court testimony, and the transactions contained in the bank account records were properly admitted.

3. <u>Testimonial evidence of pocket knives, Hinebaugh's claims of having pancreatic cancer, and text message from Hinebaugh were relevant and properly admitted.</u>

(a) <u>Pocket Knives.</u>

Hinebaugh contends that testimony regarding Hinebaugh possessing pocket knives should have been excluded because no pocket knives were used in the commission of the offense, which made the testimony unfairly prejudicial. We disagree. Hinebaugh conceded, in closing argument, that she participated in the unprovoked attack on CW by holding her down and not stopping Ayala from using a knife against CW. Testimony that Hinebaugh carried knives prior to the incident was probative of intent, plan, preparation, and the willingness to use such weapons, prior to the incident. The evidence was not unfairly prejudicial as it was consistent with not only the prosecution's theory of the case, but Hinebaugh's defense, that she acted out of extreme emotional disturbance caused by her anger and need for revenge against CW, who, in Hinebaugh's view, abandoned her to their abusive father. Therefore, testimony of Hinebaugh possessing pocket knives was admissible under HRE Rule 404(b).

Hinebaugh further contends that evidence of the pocket knives exacerbated the prejudicial effect of the zip ties because, together, they implied that Hinebaugh was a violent person. As discussed <u>supra</u>, because no inference can be made that Hinebaugh is a violent person upon zip ties alone, evidence of Hinebaugh owning pocket knives cannot exacerbate such an inference. Thus, testimony of the presence of zip ties would

8

withstand an HRE Rule 403[14] challenge because the evidence is not, as Hinebaugh alleges, "overwhelmingly prejudicial."

Hinebaugh further contends that the Circuit Court failed to give an appropriate limiting instruction to the jury because the limiting instruction given referred to the singular "knife" instead of the plural "knives," and the limiting instruction was only provided following one out of three applicable witnesses' testimony. Hinebaugh provides no authority in support of her argument that the Circuit Court was required to provide a limiting instruction at all, let alone that it was deficient, and she alleges no substantial right violation.

Regardless, we conclude there was no plain error. HRE Rule 103(d).

Following Franks's testimony, the court instructed the jury,

> Members of the jury, you have heard evidence that the defendant Hinebaugh *at another time may have had in her possession a pocket knife*. This evidence, if believed by you, may be considered only on the issue of the defendant Hinebaugh's motive[,] opportunity[,] intent[,] preparation[,] plan[,] knowledge, or whether the alleged conduct resulted from a mistake or accident.
>
> Do not consider this evidence for any other purpose. You must not use this evidence to conclude that because the defendant Hinebaugh *at another time may have had in her possession a pocket knife* that defendant Hinebaugh is a person of bad character and therefore must have committed the offenses charged in this case.

(emphases added). Because of Circuit Court's use of the indefinite article "a," the jury was unlikely to understand the limiting instruction to mean that it only referred to a specific knife and not any other knives Franks may have talked about, because Franks never specified the number of knives she had observed, nor described them individually. Therefore, "when read and considered as a whole, the instructions given [to the jury were not] prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Pond, 118 Hawai'i 452, 461, 193 P.3d 368,

---

[14]   HRE Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

377 (2008). The limiting instruction was therefore not deficient for the use of the singular form of "knife."

Furthermore, the limiting instruction did not specify that it pertained only to Franks's testimony. Thus, the instruction specified to the jury that evidence of any pocket knife could only be used for the specific purposes Circuit Court identified, and we fail to see how the instructions that were given were unfairly prejudicial or may have contributed to Hinebaugh's conviction. Consequently, the limiting instruction properly mitigated any prejudicial effect the testimony regarding pocket knives may have had.[15]

(b) Testimony regarding Hinebaugh's claims of having cancer.

Hinebaugh contends that testimony regarding Hinebaugh's claims of suffering from pancreatic cancer and having, depending on the testimony, at most one month left to live were improperly admitted into evidence because the statements "did not make any fact of consequence to the case more or less probable" as required by HRE Rules 401 and 402. However, Ayala explained that Hinebaugh's assertion that she had "a month left to live" was one of the reasons he came to Hawai'i. The cancer statements were therefore relevant for the jury to determine whether Hinebaugh had brought Ayala to Hawai'i in advance to provide her with assistance in the attack. Therefore, the statements were admissible for the purpose of proving preparation and planning under HRE Rule 404(b),[16] and they were admissible as statements by a party-opponent under HRE Rule 803(a)(1)[17] because the

---

[15] As to Hinebaugh's contention that the knives evidence was inadmissible for lack of advance notice under HRE Rule 404(b), the issue was not properly preserved for appeal. HRE Rule 103(a)(1); HRS § 641-16 (2016). Because Hinebaugh failed to object to the admission of the knives evidence at trial, the evidence was properly considered by the jury, and the issue is waived.

[16] Consistent with this conclusion, it was not prosecutorial misconduct to use the statements concerning cancer during closing argument as evidence of planning or preparation.

[17] HRE Rule 803 provides, in part,

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(continued...)

10

statements were made by Hinebaugh and used against her. Circuit Court thus properly allowed the statements.[18]

  (c) <u>Text message from Hinebaugh.</u>

  Hinebaugh contends that, under HRE Rules 803(a)(1) and 1002,[19] Franks should have been prevented from testifying that Hinebaugh had sent her a text message in which Hinebaugh said, "Michael is here with me in Mililani."

  The text message is a writing under HRE Rule 1001,[20] which, under HRE Rule 1002, requires that the original be produced to prove the contents. <u>State v. Espiritu</u>, 117 Hawai'i 127, 134, 176 P.3d 885, 892 (2008) (holding that testimony about text messages received from defendant was admissible as party admission, and the original text messages were not required in order for witness to testify regarding them).[21] Nevertheless,

---

[17](...continued)
  (a) Admissions.

   (1) Admission by party-opponent. A statement that is offered against a party and is (A) the party's own statement, in either the party's individual or a representative capacity, or (B) a statement of which the party has manifested the party's adoption or belief in its truth.

[18] Hinebaugh further argues that the statements were inadmissible to prove that Hinebaugh lied about having pancreatic cancer because the State presented no evidence to the contrary. However, the statement was not introduced to prove whether she actually had cancer, but, rather, to prove advance planning by telling Ayala that she was dying to induce him to join her in Hawai'i.

[19] HRE Rule 1002 provides,

  To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute.

[20] HRE Rule 1001 provides, in part,

  For purposes of this article the following definitions are applicable:

   (1) "Writings and recordings" consist of letters, words, sounds, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

[21] Hinebaugh's reliance on <u>Espiritu</u> for the proposition that "the text message evidence was improper for lack of foundation, in violation of HRE [Rule] 1002 and affected a substantial fundamental right" is misguided. The
(continued...)

the text message is admissible as a party admission. Id. Thus, Franks's testimony about the text message "is admissible because the text message [itself] would be admissible under the exception for party admissions," and the Circuit Court properly admitted this testimony. Id.

4. The deputy prosecutor did not commit prosecutorial misconduct during closing argument.

Hinebaugh contends that the deputy prosecutor (a) "improperly commented on [Hinebaugh] exercising her right to remain silent"; (b) improperly shifted the burden of proof that she had been raped to Hinebaugh; and (c) improperly argued that Hinebaugh had a propensity for lying when he said during closing argument, "[o]ne, there is no evidence that [the allegation that Hinebaugh had been raped] is true. Remember, Jessica Hinebaugh is already on record as to lying about being terminally ill with pancreatic cancer."

We note that, because Hinebaugh did not object to the claimed misconduct during the trial, we review the issues for plain error.

(a) Comment on exercising the right to remain silent.

Hinebaugh does not provide any argument to support her contention that the deputy prosecutor's statement that "there is no evidence that this allegation is true" was an improper comment on Hinebaugh exercising her right to remain silent. Instead, she merely quotes from Mainaaupo, saying "The jury would 'naturally and necessarily interpret the prosecution's . . . [sic] as a comment on [Hinebaugh's] failure to testify.'"

Mainaaupo is distinguishable. In Mainaaupo, the deputy prosecutor asserted during closing arguments, "[a] person is stopped in a stolen car and he really is innocent, what's the first thing he's going to do?" State v. Mainaaupo, 117 Hawai'i

_____

[21](...continued)
issue in Espiritu was whether a sufficient foundation was laid to use a police report's recording of a text message to refresh the witness's memory when it appeared the witness had recollected the gist of the text message even prior to reading the police report verbatim. Espiritu, 117 Hawai'i 127, 176 P.3d 885. Espiritu did not address whether a foundation was necessary prior to the witness testifying from memory about the contents of the text message. See id.

235, 253, 178 P.3d 1, 19 (2008). The deputy prosecutor's comment thereby inferred that an innocent person would have talked to the police when stopped, and because the defendant chose not to talk to police, he must have been guilty. Therefore, the deputy prosecutor was commenting on the defendant exercising his right to remain silent during interrogation. See U.S. Const. amend. V. ("No person . . . shall be compelled in any criminal case to be a witness against himself[.]"); Miranda v. Arizona, 384 U.S. 436 (1966).

Unlike in Mainaaupo, Hinebaugh exercised her right to not testify during a trial. Hinebaugh does not explain how the deputy prosecutor's statement might be considered a comment on Hinebaugh exercising her right not to testify, for the statement is a mere conclusion that the record does not contain evidence that the allegation is true and such evidence is not limited to testimony by Hinebaugh. Because Hinebaugh has presented no argument in support, we conclude that this point is waived.

(b) Shifting the burden of proof to Hinebaugh.

Hinebaugh contends that the deputy prosecutor "misled the jury into believing that [Hinebaugh] had to prove that she had been raped." Hinebaugh appears to have a similar contention regarding the deputy prosecutor's statement that "[t]here is no credible evidence that her father raped her."[22]

Hinebaugh is mistaken. The burden of proof of an affirmative defense, such as Extreme Mental or Emotional Disturbance (EMED) raised by Hinebaugh, rests with the defendant. 2003 Haw. Sess. L. Act 64 §§ 1 and 3. Because EMED is an affirmative defense, the defendant "must prove the elements of the defense by a preponderance of the evidence." State v. Locquiao, 100 Hawai'i 195, 206, 58 P.3d 1242, 1253 (2002).

The burden of proof of the EMED defense properly rested with Hinebaugh. Thus, insofar as the statements can be construed as comments on the burden of proof, the deputy prosecutor did not mislead the jury.

---

[22] Hinebaugh included the quote in her brief in a paragraph in which she lists what she argues were multiple instances of prosecutorial misconduct. She did not specify why this statement constituted misconduct, but it appears to belong to this argument of shifting of the burden of proof.

(c) <u>Insinuating Hinebaugh had a propensity for lying.</u>

Hinebaugh contends that the deputy prosecutor's statement that "Hinebaugh is already on record as to lying about being terminally ill with pancreatic cancer" constituted "an improper propensity argument" in violation of HRE Rule 404(b). However, Hinebaugh did not testify at trial; the argument of the deputy prosecutor was that Hinebaugh lied to Franks and Ayala as part of her planning of the instant offense. Furthermore, the deputy prosecutor is allowed to "draw reasonable inferences from the evidence" because he is allowed "wide latitude . . . in discussing the evidence." <u>State v. Clark</u>, 83 Hawai'i 289, 304, 926 P.2d 194, 210 (1996).

Franks and Ayala testified that Hinebaugh had told them, in or around September 2013, that she expected to die within one month of pancreatic cancer. Because the trial was held approximately 18 months later, the deputy prosecutor argued the reasonable inference that Hinebaugh likely had not been suffering from terminal cancer in 2013, and that she must therefore have lied to Franks and Ayala in furtherance of her plan to attack CW. Furthermore, Hinebaugh carried the burden of proving the EMED defense, but she did not present *any* evidence that she had been sexually assaulted by her father; the only evidence was presented by the State in the form of CW testifying that Hinebaugh made this claim to her. Thus, the deputy prosecutor could argue the reasonable inference that the failure to present evidence of sexual assault was because there was none, and Hinebaugh lied in making this assertion when she spoke to the CW. See <u>supra</u>. Thus, the statement was a permissible, reasonable inference drawn from the evidence was not part of an argument regarding Hinebaugh's credibility at trial, and therefore not prosecutorial misconduct.

## VI. CONCLUSION

For the foregoing reasons, we affirm Circuit Court's June 16, 2015 Judgment of Conviction and Sentence of Hinebaugh

and Circuit Court's October 31, 2016 Judgment of Conviction and Sentence of Ayala.

DATED:  Honolulu, Hawai'i, October 30, 2018.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant
Hinebaugh.

Richard D. Gronna,
for Defendant-Appellant Ayala.

Donn Fudo and
Stephen K. Tsuhima
Deputy Prosecuting Attorneys,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

15